UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DAVID J. MOONEY,


                              Plaintiff,

                                                            DECISION AND ORDER

                                                            06-CV-6618L


                    v.

THE COUNTY OF MONROE, et al.,



                              Defendants.
_____


        On November 15, 2006, plaintiff David J. Mooney ("plaintiff") initiated the instant

action, *pro se,* against the County of Monroe, the Monroe County Sheriff's Department

(collectively "the state defendants") and Strong Memorial Hospital ("Strong") in New York State

Supreme Court, Monroe County.  Plaintiff alleges that on November 23, 2005, unknown

employees of the state defendants took him into custody and escorted him to Strong, where he

was allegedly held against his will for six days.  As a result, plaintiff claims that he was subjected

to "false imprisonment and violation of civil rights pursuant to 42 U.S.C. §1983."  (Dkt. #1, Att.

1).

        The action was subsequently removed to this Court.  Due to an apparent mistake as to the

arresting officers, on or about August 28, 2007, plaintiff voluntarily discontinued his claims

against the state defendants.  (Dkt. #17).  Only plaintiff's claims of "false imprisonment and

violation of civil rights pursuant to [Section] 1983" against Strong remain.  In lieu of an answer,

Strong has moved to dismiss the complaint pursuant to Fed. R. Civ. Proc. 12(b)(6), arguing that

plaintiff has failed to state a claim for relief pursuant to Section 1983.  (Dkt. #2).

## **Discussion**

In deciding a motion to dismiss under Rule 12(b)(6), a court must "accept the allegations

contained in the complaint as true, and draw all reasonable inferences in favor of the non-

movant." *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994), *citing Ad-Hoc Comm. of*

*Baruch Black & Hispanic Alumni Ass'n v. Bernard M. Baruch College*, 835 F.2d 980, 982 (2d

Cir. 1987).  The Court notes that the traditional Rule 12(b)(6) test, which permitted dismissal

only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his

claim which would entitle him to relief," has recently been amended by the Supreme Court's

decision in *Bell Atlantic Corp. v. Twombly*, _____ U.S. _____, 127 S. Ct. 1955 (2007), which

conclusively rejected the "no set of facts" test and held that "a plaintiff's obligation . . . requires

more than labels and conclusions, and a formulaic recitation of the elements of a cause of action

will not do.  Factual allegations must be enough to raise a right to relief above the speculative

level." *Bell Atlantic Corp.*, 127 S. Ct. at 1964-65 (citations omitted).  *See e.g.*, *Transhorn, Ltd. v.*

*United Technologies Corp.*, 2007 U.S. App. LEXIS 21086 at *6 n. 3 (2d Cir. 2007) (concluding

that *Bell Atlantic Corp.*'s holding, which addressed an antitrust claim, is not limited to that

context and "affects pleading standards somewhat more broadly"); *Ashcroft v. Dept. of*

*Corrections*, 2007 U.S. Dist. LEXIS 49079 (W.D.N.Y. 2007) (discussing and applying the *Bell Atlantic Corp.* standard).

As an initial matter, the parties disagree as to whether plaintiff's reference to "false imprisonment and violation of civil rights pursuant to [Section] 1983" states a single claim under Section 1983, or two separate claims: a state law claim for "false imprisonment" and a second, federal claim for violation of civil rights. On its face, this allegation can be reasonably read either way, and affording plaintiff the favorable inferences required by his status as a *pro se* plaintiff and as a nonmovant, I conclude that plaintiff's complaint may be reasonably read to include a state law claim for false imprisonment.

In order to maintain a claim under Section 1983, plaintiff must show that Strong violated his Constitutional or federal statutory rights, and did so while acting under color of state law. *See Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Plaintiff concedes that Strong is not a "state actor," but alleges that Strong acted "in concert" with the state defendants to falsely imprison him.

It is well settled that a private actor may be found to have acted under color of state law if it is "a willful participant in joint activity with the State or its agents." *Turturro v. Continental Airlines*, 334 F. Supp. 2d 383, 394 (S.D.N.Y. 2004), *quoting U.S. v. Price*, 383 U.S. 787, 794 (1966). However, plaintiff's complaint offers no explanation of how Strong allegedly conspired with the state defendants, and provides no factual basis whatsoever to support his conspiracy theory. As such, his Section 1983 claim against Strong must be dismissed. *See generally Velaire v. City of Schenectady*, 862 F. Supp. 774, 776 (N.D.N.Y. 1994) (granting motion for

summary judgment and dismissing Section 1983 "acting in concert" claim against hospital,

where plaintiff fails to put forth any factual basis to support the alleged conspiracy).

Plaintiff also alleges that Strong subjected him to false imprisonment under New York

law.[1]  To establish a claim for false imprisonment under New York law, the plaintiff must show

that: (1) the defendant intended to confine him; (2) plaintiff was conscious of the confinement;

(3) plaintiff did not consent to the confinement; and (4) the confinement was not otherwise

privileged.  *See Algarin v. New York City Dept. of Corrections*, 2006 U.S. Dist. LEXIS 31375 at

*5 (S.D.N.Y. 2006), *citing Broughton v. State of New York*, 37 N.Y.2d 451, 456 (1975).  Here,

plaintiff's complaint alleges that Strong caused him to be confined at the hospital on November

23, 2005 and for several days thereafter, against his will and in contravention of his repeated

demands for release.  Plaintiff further alleges that the confinement did not take place pursuant to

New York's Mental Hygiene Law and/or was undertaken in violation of that law, and is therefore

not privileged.  (Dkt. #1, Att. 1 at 3).  As such, plaintiff states a state-law claim for false

imprisonment, and has alleged facts sufficient to "raise a right to relief above the speculative

level."  *Bell Atlantic Corp.*, 127 S. Ct. at 1965.

---

[1]  Plaintiff's response also purports to raise a number of other state law claims, including negligence, medical malpractice, slander, and violations of the New York Mental Hygiene Law.  However, even granting plaintiff the liberal construction due to a *pro se* pleading, no such claims were alleged in plaintiff's complaint or properly raised thereafter.  Moreover, in the absence of a cognizable Section 1983 claim, plaintiff lacks an appropriate vehicle to directly pursue the Constitutional claim he now seeks to assert.  As such, these newly-asserted claims are not properly before the Court.

Having determined that plaintiff has minimally managed to state a claim for false imprisonment under New York law, the Court declines to further exercise its supplemental jurisdiction over that claim.  The case, therefore, must be remanded to New York State Court.

The court's exercise of supplemental jurisdiction is governed by 28 U.S.C. §1367, which provides that, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . ."  28 U.S.C. §1367(a).  However, a district court may decline to exercise supplemental jurisdiction over a claim where all claims over which it had original jurisdiction have been dismissed.  28 U.S.C. §1367(c).  As the Second Circuit has observed, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims."  *Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305 (2d Cir. 2003).  The relevant factors include judicial economy, convenience, fairness and comity.  *Id.*

Because plaintiff has discontinued this action as against the state defendants and the Court has dismissed plaintiff's sole federal claim against Strong, the Court declines to exercise supplemental jurisdiction over the remaining state law false imprisonment claim.  "While district courts are capable and are bound to apply the state law to claims, 'needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.'"  *Turturro*, 334 F. Supp. 2d at 398,

*quoting New York v. Niagara Mohawk Power Corp.*, 263 F. Supp. 2d 650, 670 (W.D.N.Y. 2003). The interests of judicial economy, fairness, convenience and comity will best be served by declining to exercise further supplemental jurisdiction over plaintiff's state-law claim against Strong, and remanding the matter to the state court from which it was removed.

### Conclusion

For the reasons set forth above, defendant Strong Memorial Hospital's motion to dismiss (Dkt. #2) is granted in part. Plaintiff's Section 1983 claim is dismissed with prejudice and the matter is remanded to the New York State Supreme Court, Monroe County for adjudication of plaintiff's state-law false imprisonment claim.[2] Plaintiff's motion to remand (Dkt. #16) is denied as moot.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
        September 11, 2007.

---

[2]     To the extent that remanding plaintiff's false imprisonment claim effects a *de facto* denial of Strong's request in its reply papers that that claim be ignored or dismissed, such denial is without prejudice to Strong's right to renew its objections to the sufficiency of the claim in state court.